UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARYLAND CASUALTY COMPANY,

    Plaintiff,

v.                            Case No. 8:14-cv-1912-T-33MAP

EMPLOYMENT PARTNERS, INC.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Employment Partners, Inc.'s (EPI) Motion to Dismiss Count Two and Count Three of Plaintiff, Maryland Casualty Company's (MCC) Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 12), filed on October 24, 2014. MCC filed a response in opposition to the Motion on November 7, 2014. (Doc. # 18). For the reasons stated below, the Motion is denied in part and granted in part.

**I.**    **Background**

MCC initiated this action against EPI on August 8, 2014, alleging causes of action for breach of contract, unjust enrichment, and account stated. (Doc. # 1). MCC contends that it "issued a policy of workers' compensation insurance to EPI under Policy No. WC 04177632-00 for the effective dates of

May 28, 2010 to May 28, 2011 (the 'Policy')." (Id. at 2). MCC states that "[p]ursuant to the terms of the Policy, the initial premiums were based on information submitted by EPI and/or its insurance broker regarding EPI's estimated payroll for the effective dates of coverage." (Id.). According to MCC, EPI made payments to MCC in the amount of $33,636.34. (Id.). MCC contends that EPI is indebted to MCC in the amount of $132,743.66 for unpaid premiums. (Id. at 3). However, MCC suggests that "EPI has failed, refused, and continues to refuse to pay the balance due and owing to MCC, thereby resulting in damages to MCC . . . ." (Id.). The present Motion was filed on October 24, 2014. (Doc. # 12). The Court notes that EPI seeks to dismiss only Count II – Unjust Enrichment – and Count III – Account Stated – and therefore will analyze only those claims.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all of the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th

Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**III. Analysis**

    **A. Unjust Enrichment**

3

EPI contends that MCC may not pursue its unjust enrichment claim because "the theory of unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy." (Doc. # 12 at 2)(citing Webster v. Royal Caribbean Cruises, Ltd., 124 F. Supp. 2d 1317, 1326 (S.D. Fla. 2000)). However, the Court finds that MCC may plead an equitable relief claim in the alternative to its breach of contract claim. See e.g., Resnick v. AvMed, Inc. 693 F.3d 1317, 1327-29 (11th Cir. 2012); Shibata v. Lim, 133 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000) ("Both the Federal Rules of Civil Procedure and Florida law permit a party to allege, in the alternative, recovery under an express contract and seek equitable relief under the theory of unjust enrichment."). Therefore, the Court will analyze the sufficiency of MCC's unjust enrichment claim.

To state a claim for unjust enrichment, a plaintiff must allege, "(1) the plaintiff conferred a benefit on the defendant, who had knowledge of the benefit, (2) the defendant voluntarily accepted and retained the benefit, and (3) under the circumstances it would be inequitable for the defendant to retain the benefit without paying for it." Leedom Mgmt. Grp., Inc. v. Perlmutter, No. 8:11-cv-2108-T-33TBM, 2012 WL 1883765, at *4 (M.D. Fla. May 22, 2012).

>Here, MCC has alleged that
>
>(1) MCC has provided insurance coverage and related services to EPI for which EPI has refused to pay, (2) EPI has been unjustly enriched by the receipt of such coverage and services to MCC's detriment, (3) MCC has repeatedly demanded that EPI remit payment of the amounts due and owing to MCC, and (4) EPI has failed, refused and continues to refuse to pay the balance due and owing to MCC, thereby result in in damages to MCC in the amount of $132,743.66, plus interest, attorney fees and costs.

(Doc. # 1 at 4-5). Thus, taking the allegations as true, for purposes of the present analysis only, MCC has demonstrated enough to survive EPI's Motion to Dismiss. Accordingly, EPI's Motion as to Count II is denied.

### B. Account Stated

"An 'account stated' is defined as an agreement between persons who have had previous transactions, fixing the amount due in respect to such transactions and promising payment." Nants v. Fed. Deposit Ins. Corp., 864 F. Supp. 1211, 1219 (S.D. Fla. 1994), citing 1 Fla. Jur. 2d *Accounts and Accounting* § 5. "[A]n account stated generally arises from the rendition of a statement of transactions between the parties with a failure on the part of the party whom the account was rendered to object within a reasonable time or an

5

express acquiescence in the account rendered." Nants, 864 F. Supp. at 1219.

A plaintiff may prove a prima facie case for account stated by proffering evidence that the account was rendered under circumstances which raise a presumption of assent. Id. at 1219-20. The practice of periodic billings for certain amounts in the regular course of business, where no objection to the amount of the bill is made within a reasonable time, may raise such a presumption. Id. (citing F.D.I.C. v. Brodie, 602 So. 2d 1358, 1361 (Fla. 3d DCA 1992)); see also First Union Disc. Brokerage Servs., Inc. v. Milos, 997 F.2d 835, 841 (11th Cir. 1993). "[T]he presumption of correctness which attaches in an account stated stems from the statements themselves." See Nants at 1221 (noting "a copy of the account showing items, time of accrual of each, and amount of each must be attached"). Upon a review of the allegations contained in the Complaint, the Court concludes that MCC has failed to attach copies of the insurance policy upon which this action is based and its billing statements directed to EPI as exhibits to the Complaint. As a result, EPI's Motion to Dismiss is granted as to Count III.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

6

(1) Defendant Employment Partners Inc.'s Motion to Dismiss (Doc. # 12) is **DENIED as to Count II and GRANTED as to Count III.**

(2) Plaintiff has until and including **November 24, 2014**, to file its Amended Complaint.

(3) Defendant has until and including **December 1, 2014**, to file its Answer to the Amended Complaint.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of November, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record