UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARYLAND CASUALTY COMPANY,

    Plaintiff,

v.                              Case No. 8:14-cv-1912-T-33MAP

EMPLOYMENT PARTNERS, INC.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Employment Partners, Inc.'s (EPI) Motion to Strike Claims for Attorneys' Fees (Doc. # 25), filed on November 26, 2014. Plaintiff Maryland Casualty Company (MCC) filed its response in opposition on December 10, 2014. (Doc. # 29). For the reasons stated below, the Motion is denied.

**I.**   **Background**

MCC initiated this action against EPI on August 8, 2014, alleging causes of action for breach of contract, unjust enrichment, and account stated. (Doc. # 1). MCC contends that it "issued a policy of workers' compensation insurance to EPI under Policy No. WC 04177632-00 for the effective dates of May 28, 2010, to May 28, 2011 (the 'Policy')." (Id. at 2). MCC states that "[p]ursuant to the terms of the Policy, the

initial premiums were based on information submitted by EPI and/or its insurance broker regarding EPI's estimated payroll for the effective dates of coverage." (Id.). According to MCC, EPI made payments to MCC in the amount of $33,636.34. (Id.). MCC contends that EPI is indebted to MCC in the amount of $132,743.66 for unpaid premiums. (Id. at 3). However, MCC suggests that "EPI has failed, refused, and continues to refuse to pay the balance due and owing to MCC, thereby resulting in damages to MCC. . . ." (Id.).

On October 24, 2014, EPI filed a Motion to Dismiss, which was granted in part and denied in part by this Court on November 7, 2014. (Doc. ## 12, 22). Thereafter, MCC filed its Amended Complaint on November 24, 2014. (Doc. # 24). EPI filed its Answer and Affirmative Defenses and the present Motion to Strike on November 26, 2014. (Doc. ## 26, 25).

## II. Legal Standard

Rule 12(f) of the Federal Rules of Civil Procedure provides:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).

2

Motions to strike are considered "drastic" and are disfavored by the courts. Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). Generally, "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).

## III. Analysis

EPI contends that "[b]ecause [MCC] has failed to allege any legally cognizable basis for the recovery of attorneys' fees in this matter, [MCC's] claims for attorneys' fees in the prayer for relief under Count I, Count II, and Count III of the Amended Complaint should be stricken." (See Doc. # 25). To that end, EPI argues that MCC fails to allege any statutory or contractual basis for the recovery of attorneys' fees and is unable to do so because there is no viable basis for a recovery of attorneys' fees. (Id.).

MCC counters that "recovery of attorneys' fees and costs by the prevailing party in an action is allowed when provided for by statute or contract. [However,] Florida law is equally clear that claims for attorney's fees and costs do not need

3

to plead a specific statutory or contractual basis for recovery." (Doc. # 29). Therefore, it is MCC's position that "MCC should not be precluded from preserving its right and ability to seek attorney's fees and costs [at] the initial stages of this matter as such a decision would unfairly prejudice MCC and embolden EPI . . . to continue filing frivolous motions in an effort to needlessly increase the cost of litigation." (Id. at 4).

Upon a review of the allegations contained in the Amended Complaint, the Court notes that MCC has failed to allege a statutory or contractual basis entitling it to an award of attorneys' fees and costs. (See Doc. # 24). However, EPI has also failed to provide case law supporting its proposition that MCC's prayer for relief of attorneys' fees should be stricken solely on the basis that a statutory or contractual basis is not alleged in the Amended Complaint. Although EPI correctly sets forth the standard regarding entitlement, justification, and recovery of attorneys' fees, EPI has not established a connection between the case law provided and its position requesting the relief to be stricken.

Therefore, this Court rejects EPI's argument that MCC's Amended Complaint fails to sufficiently plead a claim for attorneys' fees. In Caufield v. Cantele, 837 So. 2d 371, 378

4

(Fla. 2002), the court held "that the specific statutory or contractual basis for a claim for attorney's fees need not be specifically pled, and that failure to plead the basis of such a claim will not result in waiver of the claim." <u>Parker v. Bd. of Trustees of City Pension Fund for Firefighters & Police Officers in City of Tampa</u>, No. SC13-890, 2014 WL 5365843, *5 (Fla. 2014). The court explained "that merely pleading a claim for attorney's fees is sufficient to notify the opposing party and allow it to consider the claim in a decision on whether to proceed." <u>Id.</u> at 377-78 (citing <u>Stockman v. Downs</u>, 573 So. 2d 835, 837 (Fla. 1991)). This case is in its infancy and damages considerations are better suited for a later stage of these proceedings. Therefore, as the claim for attorneys' fees was pled with sufficient specificity, at this juncture, to put EPI on notice, this Motion is denied.

 Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Employment Partners Inc.'s Motion to Strike Plaintiff, Maryland Casualty Company's Claims for Attorneys' Fees, With Incorporated Memorandum of Law (Doc. # 25) is **DENIED.**

5

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>11th</u> day of December, 2014.

                                                                        VIRGINIA M. HERNANDEZ COVINGTON
                                                                        UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record